IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY D. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-05-286-C |
| | ) |
| DONALD K. HARDIN, individually, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Dismissal Without Prejudice. Defendant filed a response, to which Plaintiff filed a reply. This matter is now at issue.

Plaintiff filed the present motion seeking a dismissal without prejudice so that she may re-file her claims in state court. According to Plaintiff, permitting a dismissal here will allow her to adjudicate all her claims in this matter in one court[1] and therefore avoid duplication of litigation and promote judicial economy. Unable to secure an agreement from Defendant to dismiss this action, Plaintiff filed the present motion pursuant to Fed. R. Civ. P. 41(a)(2). Defendant objects to Plaintiff's motion arguing the dismissal should be conditioned on Plaintiff's payment of costs, including attorney's fees, incurred in defending this action.

Defendant's request for costs is governed by Fed. R. Civ. P. 41(a)(2), which states in pertinent part: "Except as provided in paragraph (1) of this subdivision of this rule, an action

---

[1] The Court previously dismissed Plaintiff's claims against the State of Oklahoma and Defendant Hardin in his official capacity, based on Eleventh Amendment and sovereign immunity grounds. Plaintiff has stated her intent to file an action in Oklahoma state court to pursue those claims.

shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."[2]  The Tenth Circuit has identified the purpose behind the rule, "[t]he rule is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996) (quoting 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 279 (2d ed. 1994) (quoting Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961))).  The Circuit has also noted that "'[w]hen considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties."'" Phillips USA, Inc., 77 F.3d at 357 (citations omitted).  The Tenth Circuit has identified the factors to be considered in determining whether the opposing party will be prejudiced.

> The factors the district court should consider in determining the "legal prejudice" the opposing party will suffer if a motion to dismiss without prejudice is granted include "the [opposing party's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, [and] insufficient explanation for the need to take a dismissal.

Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (citations omitted).

Here, Defendant seeks to recoup costs of three depositions and legal fees related to the representation.  Plaintiff argues that the deposition costs should not be imposed because

---

[2] Defendant suggests that Fed. R. Civ. P. 41(d) provides an alternative avenue for awarding the costs sought.  However, the plain language of that paragraph makes clear it is triggered only when a second suit is commenced.

those depositions will be used in the state court proceeding. As for the requested attorney's fees, it appears from the affidavit submitted by Defendant that only the one hour preparing the Motion to Dismiss and the .3 hours discussing the Court's Order granting the motion to dismiss are expenses that arose because of Plaintiff's pursuing this action in this Court and that could be subject to some duplication in the event the action is re-filed. However, those costs were incurred by parties other than Defendant Hardin, namely the State of Oklahoma and Defendant Hardin in his official capacity. Even had a request been made by the proper party, the Court finds that Plaintiff's expressed reason for seeking dismissal is sufficient to overcome the limited expenses incurred by Defendant. Absent dismissal of this action, Plaintiff will be forced to litigate her claims against Defendant Hardin in his individual capacity in this Court while pursuing claims against Defendant Hardin in his official capacity and the State of Oklahoma in Oklahoma State Court. The duplication of effort and expense required to pursue two lawsuits on the same claims in two different courts far outweighs the limited expenses incurred by Defendant thus far in this Court. Accordingly, the Court finds Plaintiff should be permitted to dismiss her claim without condition.

As set forth more fully herein, Plaintiff's Motion for Dismissal Without Prejudice (Dkt. No. 23) is GRANTED and this matter is DISMISSED without prejudice. Defendant's request for imposition of conditions on the dismissal is DENIED.

IT IS SO ORDERED this 1st day of May, 2006.

ROBIN J. CAUTHRON
United States District Judge